FREDDIE O'CONNELL
MAYOR

# METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY

DEPARTMENT OF CODES & BUILDING SAFETY

OFFICE ADDRESS
METRO OFFICE BUILDING—3rd FLOOR
800 PRESIDENT RONALD REAGAN WAY
NASHVILLE, TENNESSEE 37210

MAILING ADDRESS
POST OFFICE BOX 196350
NASHVILLE, TENNESSEE 37219
TELEPHONE (615) 862-6500
FACSIMILE (615) 862-6514
www.nashville.gov/codes

July 21, 2026

Members of the Board of Zoning Appeals
Attn: Mr. Ross Pepper, Chair

Re: DC Blox Proposed Use at 648 & 650 Grassmere Park
APN: 13300013500

Members:

My letter dated March 18, 2026, written to Attorney Doug Sloan, spelled out my basis for the determination of the use as "General Office" largely determined after discussions with the folks from DC Blox regarding their proposed use of the property listed above. These discussions were conceptual in nature as there had not been construction plans drawn up at that time.

On July 17, 2026, I was provided with a copy of the proposed floor plans for this facility and after having reviewed the overall layout of the proposed building I am amending my use classification of the proposed use to Warehouse with incidental General Offices uses. The overall floor plan appears to me to be overwhelmingly warehouse storage for computers for the data center proposed use as well as some small areas for offices within the building.

I use the words "data center" here not as a land use description, as that land use description does not currently exist within the zoning regulations, but as the term used by the applicants. The Metropolitan Council is currently crafting legislation that would create data center land uses and would regulate the use of future data centers in the county. The proposed land uses being considered by the Council is <u>not</u> applicable to this project due to Tennessee's Vested Rights Statues.

The General Assembly has eliminated the Pending Ordinance Doctrine in Tennessee. This was the previous standard used by Metro and other jurisdictions to place a pending permit under the regulations of an ordinance pending in the local legislative body. Under the current law in Tennessee, an application for a permit must be considered under the rules that existed at the time of the permit application is placed. T.C.A. §13-4-310(b)(1)(C) states that a vested property right is established upon submission to the local government " **(C)** A building permit allowing construction of a building where there is no requirement for prior approval of a preliminary development plan for the property on which that building will be


Case 3:26-cv-01143 Document 12-10 Filed 08/15/26 Page 1 of 4 PageID #: 89

approval of a preliminary development plan for the property on which that building will be constructed." In other words, the filing of the application on May 29, 2026 is subject to the rules applicable at the time of the filing of the application. I cannot consider the legislation being crafted by the Council as grounds upon which I am to review this application.

Both warehousing and offices are permitted uses within the IWD zoning district. A copy of this letter will be sent to both applicants in their appeals as well as the attorney representing DC Blox.

Sincerely,

Joel K. Hargis
Metropolitan Zoning Administrator

July 28, 2026
As amended

Members of the Board of Zoning Appeals
Attn: Mr. Ross Pepper, Chair

Re: DC Blox Proposed Use at 648 & 650 Grassmere Park
APN: 13300013500

Members:

This communication revises my letter dated July 21, 2026.

My letter dated March 18, 2026, written to Attorney Doug Sloan, spelled out my basis for the determination of the use as "General Office" largely determined after discussions with the folks from DC Blox regarding their proposed use of the property listed above. These discussions were conceptual in nature as there had not been construction plans drawn up at that time.

On July 17, 2026, I was provided with a copy of the proposed floor plans for this facility and after having reviewed the overall layout of the proposed building I amended my use classification of the proposed use to Warehouse with incidental General Offices uses. The overall floor plan appears to me to be overwhelmingly warehouse storage for computers for the data center proposed use as well as some small areas for offices within the building.

Since that time, the Metropolitan Council has adopted legislation that creates data center land uses and regulates the use of data centers in the county. If this legislation had been in effect at the time of DC Blox' application, I would have categorized the DC Blox use as a data center. However,in my opinion, the recently enacted data center legislation is <u>not</u> applicable to this project due to Tennessee's Vested Rights Statues.

The General Assembly has eliminated the Pending Ordinance Doctrine in Tennessee. This was the previous standard used by Metro and other jurisdictions to place a pending permit under the regulations of an ordinance pending in the local legislative body. Under the current law in Tennessee, an application for a permit must be considered under the rules that existed at the time of the permit application is placed. T.C.A. §13-4-310(b)(1)(C) states that a vested property right is established upon submission to the local government " **(C)** A building permit allowing construction of a building where there is no requirement for prior approval of a preliminary development plan for the property on which that building will be constructed." In other words,

it is my opinion that the filing of the application for a building permit on May 29, 2026 is subject to the rules applicable at the time of the filing of the application.  I cannot consider the legislation adopted by the Council as grounds upon which I am to review this application.

If this submittal for an application had occurred after the Council's adoption of the new Data Center regulations, I would have reviewed this application under those new rules and classified this use as Data Center.

Both warehousing and offices are permitted uses within the IWD zoning district. A copy of this letter will be sent to both applicants in their appeals as well as the attorney representing DC Blox.

Sincerely,

Joel K. Hargis
Metropolitan Zoning Administrator