IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DCB NASHVILLE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:26-cv-01143<br><br>JUDGE RICHARDSON |

**ORDER**

Pending before the Court are three motions. The first motion is the "Motion for Preliminary Injunction" (Doc. No. 12) filed by Plaintiff, DCB Nashville, LLC. The second motion is the "Motion Requesting Oral Argument and Expedited Ruling" (Doc. No. 18) filed by Plaintiff, wherein Plaintiff requests oral argument on the Motion for Preliminary Injunction and for the Court to expedite its ruling on the Motion for Preliminary Injunction. The third motion is the "Motion to Dismiss" (Doc. No. 22) filed by Defendant, the Metropolitan Government of Nashville and Davidson County, wherein Defendant seeks the dismissal of Plaintiff's complaint (Doc. No. 1) pursuant to Rule 12(b)(1) and Rule 12(b)(6).

Given Plaintiff's understandable desire to have an expeditious ruling on the Motion for Preliminary Injunction, the Court discerns that it would be beneficial to explain the sequencing in which it will address the Motion for Preliminary Injunction and the Motion to Dismiss.

Because the Motion to Dismiss raises challenges to—among other things—the Court's subject-matter jurisdiction to hear this action, the Court discerns that it is advisable to resolve the Motion to Dismiss *prior* to resolving the Motion for Preliminary Injunction—a sequencing that is

well within the Court's discretion to adopt. *See e.g., Prater v. Boyd*, 263 F.2d 788, 789 (6th Cir. 1959) (per curiam) (noting that a district judge was within his discretion to hear a motion to dismiss before a motion for a preliminary injunction because "the questions raised by the motion to dismiss point to the desirability of hearing and determining the motions in the order stated"); *Rosenkrantz v. Inter-Am. Dev. Bank*, No. CV 20-3670 (BAH), 2021 WL 1254367, at *7 (D.D.C. Apr. 5, 2021) (observing that "[b]efore evaluating the availability of preliminary relief, the Court must first determine that it may properly exercise jurisdiction over the action" and concluding that a defendant's "Motion to Dismiss under Rule 12(b)(1) therefore must be decided before plaintiffs' Motion for Preliminary Injunction may be considered." (internal citations and quotation marks omitted)). *See also Ecom Auth., LLC v. Amazon.com Servs., LLC*, No. 24-24084-CIV, 2024 WL 5704167, at *1 (S.D. Fla. Nov. 25, 2024) ("Defendant's Motion to Dismiss, therefore, must necessarily be resolved before any preliminary injunctive relief is entertained."); *Lebanon Valley Auto Racing Corp. v. Cuomo*, 478 F. Supp. 3d 389, 395 (N.D.N.Y. 2020) ("The Court first considers Defendants' motion to dismiss because, if granted, it would moot Plaintiffs' motion for a temporary restraining order and preliminary injunction."). Accordingly, before addressing the Motion for Preliminary Injunction, the Court will rule on the Motion to Dismiss once briefing on the Motion to Dismiss has been completed.[1] To the extent that any of Plaintiff's claims in this action survive the Motion to Dismiss, the Court will then substantively address the Motion for Preliminary Injunction.

[1] To the extent that Plaintiff desires a more expeditious ruling on the Motion to Dismiss, Plaintiff may certainly file its response in opposition to the Motion to Dismiss within a shorter time frame than that contemplated by the Local Rules (i.e., more quickly than fourteen (14) days after the filing of the Motion to Dismiss). Local Rule 7.01(a)(3). Defendant's optional reply in further support of the Motion to Dismiss in turn will be due within seven (7) days of Plaintiff filing its response in opposition to the Motion to Dismiss. Local Rule 7.01(a)(4).

With the above sequencing in mind, the Court next addresses the Motion Requesting Oral Argument and Expedited Ruling (Doc. No. 18), wherein, as noted above, Plaintiff requests oral argument on the Motion for Preliminary Injunction and for the Court to expedite its ruling on the Motion for Preliminary Injunction. The motion (Doc. No. 18) is **GRANTED** in part and **DEFERRED** in part. This motion is granted insofar as the Court will expeditiously resolve the Motion to Dismiss once briefing thereon is completed and, to the extent that any of Plaintiff's claims in this action survive the Motion to Dismiss, then will substantively address (expeditiously) the Motion for Preliminary Injunction. This motion (Doc. No. 18) is deferred to the extent that it requests oral argument on the Motion for Preliminary Injunction. Once the Motion to Dismiss is resolved, the Court then will evaluate whether oral argument on the Motion for Preliminary Injunction is warranted in light of applicable circumstances.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE