UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DCB NASHVILLE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY,<br><br>Defendant. | ) | NO. 3:26-cv-01143<br><br>JUDGE RICHARDSON |

**ORDER**

Pending before the Court is "Plaintiff's Motion for Reconsideration and Memorandum in Support" (Doc. No. 32, "Motion") filed by Plaintiff, DCB Nashville, LLC. Via the Motion, Plaintiff asks the Court to reconsider its order (Doc. No. 29, "At-Issue Order") and the At-Issue Order's accompanying memorandum opinion (Doc. No. 28), whereby in pertinent part the Court: (1) dismissed Counts V, VI, VII, VIII, and IX (the "Declaratory Judgment Counts") of Plaintiff's original complaint (Doc. No. 1, "Complaint") without prejudice, on the basis of the Court declining to exercise jurisdiction over those counts; and (2) dismissed Count II of the Complaint (wherein Plaintiff asserted an equal protection claim) for failure to state a claim. (Doc. No. 29 at 1-2). In the Motion, Plaintiff specifically asks that the Court:

> revise its October 6, 2026 Order (Doc. No. 29) and Memorandum Opinion (Doc. No. 28) to exercise jurisdiction over the Declaratory Judgment Counts, reinstate Counts V through IX, and grant permission to amend Count II.

(Doc. No. 32 at 16).

For the reasons described herein, the Motion (Doc. No. 32) is **DENIED** as procedurally improper. Such denial is without prejudice to Plaintiff seeking leave to file a second amended complaint to reassert the Complaint's Declaratory Judgment Counts and Count II.

## DISCUSSION

On October 6, 2026, the Court issued the At-Issue Order, therein—in pertinent part—dismissing the Declaratory Judgment Counts of the Complaint without prejudice on the basis of the Court declining to exercise jurisdiction over those counts and also dismissing Count II of the Complaint (wherein Plaintiff asserted an equal protection claim) for failure to state a claim. (Doc. No. 29 at 1-2). The At-Issue Order also dismissed Counts I, III, and IV of the Complaint "without prejudice to Plaintiff filing, within twenty-one days of the entry of [the At-Issue Order], an amended complaint reasserting these counts in a manner that addresses the deficiencies with respect to these counts identified by the Court in the accompanying memorandum opinion [(Doc. No. 28)]." (Doc. No. 29 at 2). Notably, the Court granted Plaintiff leave to reassert *only* Counts I, III, and IV of the Complaint—and no other count(s)—in an amended complaint. (*Id.* at 1-2).

Pursuant to the At-Issue Order, Plaintiff then filed its amended complaint (Doc. No. 31, "Amended Complaint") on October 27, 2026, therein reasserting Counts I, III, and IV of the Complaint.[1] In the Amended Complaint, Plaintiff also purports, without yet having been granted leave to do so, to reassert the Complaint's Declaratory Judgment Counts[2] and Count II.[3]

[1] The reasserted versions of the Complaint's Counts I, III, and IV bear the same respective count numbers in the Amended Complaint as they did in the Complaint, although they reflect modifications of the respective versions in the Complaint.

[2] The reasserted versions of the Complaint's Declaratory Judgment Counts (i.e., Counts V, VI, VII, VIII, and IX of the Complaint) bear the same count numbers in the Amended Complaint as they did in the Complaint, although some of them reflect modifications of the respective versions in the Complaint.

[3] The reasserted version of the Complaint's Count II bears the same count number in the Amended Complaint as it did in the Complaint, although it reflects modifications of the version in the Complaint.

After filing the Amended Complaint (Doc. No. 31), Plaintiff filed the Motion (Doc. No. 32), therein requesting, as noted above, that the Court:

> revise its October 6, 2026 Order (Doc. No. 29) and Memorandum Opinion (Doc. No. 28) to exercise jurisdiction over the Declaratory Judgment Counts, reinstate Counts V through IX, and grant permission to amend Count II.

(Doc. No. 32 at 16).

But there is a major procedural incoherence in what Plaintiff has done here. The decisions as to which Plaintiff has requested reconsideration are decisions as to the *Complaint*. But the Complaint is no longer the operative complaint; instead, it is the *Amended Complaint* that is operative (albeit seriously flawed, as discussed herein). So, Plaintiff, in *now* seeking reconsideration (i.e., in seeking reconsideration after the filing of the Amended Complaint), is asking the Court to reconsider its decision as to the Declaratory Judgment Counts and Count II of a pleading (the Complaint) that has been superseded (and indeed rendered a nullity) by the filing of an amended pleading (the Amended Complaint). *See Gibson v. Mortg. Elec. Registration Sys., Inc.*, No. 11-2173-STA, 2012 WL 1601313, at *9 (W.D. Tenn. May 7, 2012) ("It is well-settled that an amended complaint supersedes the original complaint and renders the initial pleading a nullity"). This will not do, and the Court discerns no basis to reconsider its decision as to counts (i.e., the Declaratory Judgment Counts and Count II) in a pleading that has been superseded. If Plaintiff wished to seek reconsideration of the Court's decision as to the Declaratory Judgment Counts and Count II, it should have done so prior to filing the Amended Complaint, for instance through filing a motion to reconsider the At-Issue Order coupled with a request to stay the deadline for filing an amended complaint until such time as that motion to reconsider was resolved so as to inform Plaintiff of the extent to which (if at all) the Court would agree to lift the At-Issue Order's prior restrictions on the content of the Amended Complaint (which Plaintiff has ignored).

In the Court's view, the proper procedural route for Plaintiff to take now if it wishes to reassert the Complaint's Declaratory Judgment Counts and Count II is to file a motion for leave to amend the Amended Complaint pursuant to Rule 15(a)(2), and to be prepared to discuss in any such motion why any proposed amendment to the Amended Complaint, whereby Plaintiff would reassert the Complaint's Declaratory Judgment Counts and Count II, would not be futile[4] despite what the Court said in the At-Issue Order (Doc. No. 29) and its accompanying memorandum opinion (Doc. No. 28).[5] Accordingly, the Motion (Doc. No. 32) is **DENIED** as procedurally improper.[6] Such denial is without prejudice to Plaintiff seeking leave, pursuant to Rule 15(a)(2), to file an amended complaint (i.e., an amended version of the Amended Complaint) that would reassert the Complaint's Declaratory Judgment Counts and Count II.[7]

---

[4] The Court realizes that the substance of any or such discussion by Plaintiff might closely track part or all the substance of Plaintiff's arguments set forth in the Motion. But even if that is the case, the point is that such content (argument) should not have been presented in the Motion, because it is a motion to reconsider an order that relates to a superseded pleading, and instead should be presented in a motion to amend the Amended Complaint.

[5] Regarding amendment under Rule 15(a)(2):

> The court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In assessing the interests of justice, the Court should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)); *see also Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) ("A motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.").

*Cervetto v. Powell*, No. 1:14CV-00075-HBB, 2015 WL 13548454, at *2 (W.D. Ky. Oct. 30, 2015).

[6] The Court herein is denying the Motion on procedural grounds. But the Court notes that having reviewed the merits of the Motion, the Court at this juncture is unconvinced of the merits of Plaintiff's arguments raised in the Motion that take issue with the Court's adjudication, in the At-Issue Order (Doc. No. 29) and the accompanying memorandum (Doc. No. 28), of the Complaint's Declaratory Judgment Counts.

[7] Of note, district courts in this Circuit in the past have invited (or at least considered) motions for leave to file an amended complaint that sought leave to assert claims that were previously dismissed. *Orozco v. FCA US, LLC*, No. 21-CV-12823, 2026 WL 447414, at *1 (E.D. Mich. Feb. 17, 2026) ("the Court will allow

That leaves one more thing. In the Amended Complaint, Plaintiff reasserts Counts I, III and IV (as modified), as was authorized by the At-Issue Order. But Plaintiff therein also purports to reassert the Complaint's Declaratory Judgment Counts and Count II, as was plainly *not* authorized.[8] The Court is, frankly, mystified as to why Plaintiff took that approach. Perhaps the reason is that Plaintiff simply assumed that the Court would grant the Motion in full and thereby authorize (albeit perhaps indirectly) reassertion of the Complaint's Declaratory Judgment Counts and Count II. If so, that assumption was unwarranted; the Court is denying the Motion for the reasons (and with the provisos) stated herein. The upshot is that Plaintiff's reassertion in the Amended Complaint of the Complaint's Declaratory Judgment Counts and Count II was done without leave of the Court, which Plaintiff was required to obtain and still has not obtained. In these circumstances the Court **STRIKES** Counts V, VI, VII, VIII, and IX (where Plaintiff reasserted the Complaint's Declaratory Judgment Counts) of the Amended Complaint and Count II (where Plaintiff reasserted Count II of the Complaint) of the Amended Complaint. The Court deems these counts in the Amended Complaint STRICKEN,[9] without prejudice to Plaintiff seeking leave to file an amended version of the Amended Complaint that would reassert those counts.

---

Plaintiffs to file a motion for leave to file a Second Amended Complaint. In that motion, Plaintiffs may seek leave to re-assert fraud and omission-based claims that the Court previously dismissed."); *Sunless, Inc. v. Palm Beach Tan, Inc.*, No. 5:21 CV 248, 2023 WL 11991325, at *8 (N.D. Ohio Mar. 31, 2023) ("As noted above, typically a party cannot reassert its claims in an amended complaint once a court has dismissed its claims pursuant to a motion to dismiss, unless granted leave of court to do so. That exception applies, as the court granted the parties' leave of court to either join parties and/or amend their pleadings." (internal citations omitted)).

[8] Still less was Plaintiff authorized to make various modifications to those counts when re-asserting them, and yet Plaintiff made those modifications anyway.

[9] One final note. In the Amended Complaint, Plaintiff suggests that it is reasserting the Complaint's Count II in the Amended Complaint to "preserve appellate review of the Court's dismissal [of that count]." (Doc. No. 31 at 26 n.3). The Court sees no need for Plaintiff to reassert the Complaint's Count II in the Amended Complaint in order to preserve appellate review of the Court's dismissal of that count. As one district court recently explained:

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[*Hayward v. Cleveland Clinic Found.*, 759 F.3d 601 (6th Cir. 2014)] clarifies that when the district court dismisses arguments on the merits, it would be "illogical" to deny parties the opportunity to appeal claims "simply because they failed to include them in subsequent pleadings." *Id.* at 618. The circuits which Plaintiffs rely upon have held similarly and do not require re-asserting claims in subsequent pleading amendments to preserve appealability and avoid waiver. *See P. Stolz Fam. P'ship L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir. 2004) ("We will not require a party, in an amended complaint, to replead a dismissed claim in order to preserve the right to appeal the dismissal when the court has not granted leave to amend."); *U.S. ex rel. Atkinson v. P.A. Shipbuilding Co.*, 473 F.3d 506, 516 (3d Cir. 2007) ("Repleading is futile when the dismissal was 'on the merits.' A dismissal is on the merits when it is with prejudice or based on some legal barrier other than want of specificity or particularity."); *Scott v. Chuhak & Tecson*, P.C., 725 F.3d 772, 792–83 (7th Cir. 2013) (explaining that failure to re-plead in an amended pleading claims that the court has rejected does not mean the claims are abandoned or waived); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("We see no benefit in requiring plaintiffs to reallege claims that the district courts have already dealt with on the merits and dismissed with prejudice.").

*Washington v. Nationstar Mortgage., LLC*, No. 1:22-CV-1392, 2025 WL 5230989, at *1 (N.D. Ohio Oct. 20, 2025). And that same district court went on to strike previously dismissed claims that were repleaded in order to (purportedly) preserve appellate review of the dismissal of those claims. *Id.* ("Accordingly, the Court orders that the claims under RESPA and for breach of fiduciary duty, money had and received, overcharges, and constructive trust which were previously dismissed by the Court and re-asserted by Plaintiffs in the third amended complaint under the 'preserved claims section' are hereby STRICKEN as immaterial under Federal Rule of Civil Procedure 12(f)."). So, Plaintiff purporting to replead the Complaint's Count II in order to preserve appellate review of the dismissal of that count does not unsettle the Court's decision to deem stricken Count II (where Plaintiff reasserted Count II of the Complaint) of the Amended Complaint.

It bears mentioning that the Court does not see how Plaintiff could possibly preserve appellate review of the dismissal of a count (the Complaint's Count II) by filing a *modified* version of that count (the Amended Complaint's Count II).

Finally, the Court notes that it has repeatedly had to expend scarce judicial resources simply trying to determine what the parties (and in particular Plaintiff) are trying to accomplish via their filings in this action. The Court urges the parties (and specifically Plaintiff) to take extra care that the filings it submits to the Court are clear and precise going forward.